MARY W. SHEFFIELD, P.J.
Charles Hollis Roux ("Defendant") was charged with driving while intoxicated and thereafter filed a motion to suppress all the evidence in the case. The trial court granted that motion, and the State appeals pursuant to § 547.200.1(3)[1] raising two points of alleged error. In its first point, the State argues the trial court's decision was not supported by substantial evidence, and, in its second point, the State argues the trial court erred in refusing to admit the result of the portable breath test. The State's second point has merit, so we are compelled to reverse and remand the case. Moreover, as the admission of the test result will add additional relevant evidence for the trial court to consider on remand, we need not address the State's first point.
Factual and Procedural Background
Given our resolution of the issues in this case, we recite only those facts necessary to understand the State's second point. In the early morning hours of October 19, 2015, Greene County Sheriff's Deputy Jason Flora ("Deputy Flora") was on routine patrol when he encountered a 2013 Suzuki passenger car being driven without illuminated taillights. Deputy Flora initiated a traffic stop and discovered Defendant in the driver's seat of the vehicle. After a short encounter, Deputy Flora asked Defendant to step out of the vehicle and submit to a portable breath test. The result was "a positive test for alcohol, greater than .08." Deputy Flora arrested Defendant for driving while intoxicated.
After being charged with driving while intoxicated, Defendant filed a motion to suppress all the evidence in the case. At the hearing on the motion to suppress, Defendant's attorney objected to Deputy Flora's testimony about the portable breath test, stating "[t]he statute clearly states there's no number that's allowed to come in in regard to a PBT." The prosecutor then made further argument, noting the result of a portable breath test could be considered for the limited purpose of showing "what Deputy Flora knew when he made the decision to arrest [Defendant]." After hearing rebuttal argument from Defendant's attorney, the trial court reconsidered its initial ruling and stated: "Okay. All right. I'm going to allow-he can testify that it was a positive result, but I'm not going to allow any numerical score or any testimony as to a number[.]" Thereafter, Deputy Flora reiterated his testimony that there was a positive result on the portable breath test.
The trial court granted the motion to suppress. In the docket entry memorializing that order, the trial court stated, "a positive PBT is also insufficient in the *418 absence of other evidence of impairment, to establish probable cause to arrest[.]"
The State appeals.
Discussion
In its second point, the State argues "[t]he trial court erred in refusing to admit the results of the portable breath test" because those results were admissible under Section 577.021. We agree.
"Generally, a trial court's decision to exclude testimony is reviewed for an abuse of discretion, granting substantial deference to the trial court's decision." State v. Eisenhour , 410 S.W.3d 771, 775 (Mo. App. S.D. 2013) (quoting State v. Mort , 321 S.W.3d 471, 483 (Mo. App. S.D. 2010) ). "An abuse of discretion will be found 'where the ruling is clearly against the logic of the circumstances and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful consideration.' " State v. Stottlemyre , 35 S.W.3d 854, 858 (Mo. App. W.D. 2001) (quoting State v. Masden , 990 S.W.2d 190, 193 (Mo. App. W.D. 1999) ). Where the trial court misapplies the law resulting in the exclusion of evidence, appellate courts will find an abuse of discretion. See State v. Gonzales , 153 S.W.3d 311, 314-15 (Mo. banc 2005).
It is true the admissibility of the result of a portable breath test is "narrowly restricted by statute." State v. Morgenroth , 227 S.W.3d 517, 521 (Mo. App. S.D. 2007). The statute permits specified law enforcement officers to administer pre-arrest chemical tests of a suspect's blood alcohol content under certain circumstances.[2] § 577.021.1. Moreover, "[a] test administered pursuant to this section shall be admissible as evidence of probable cause to arrest and as exculpatory evidence, but shall not be admissible as evidence of blood alcohol content." § 577.021.3. That is, the result of a portable breath test is admissible to show an officer had probable cause to arrest. See , e.g., Morgenroth , 227 S.W.3d at 522 (quoting § 577.021.3).
Here, while Deputy Flora initially testified the result was greater than .08 and that testimony was not stricken, it is clear that after Defendant's objection the trial court did not consider the actual, numerical result. After the objection, Deputy Flora was merely permitted to state that there was a "positive" result. However, standing alone, the evidence of a "positive" result is ambiguous. That is because the actual numerical value of the test is what makes the result of the portable breath test relevant to the issue of probable cause. A reasonable officer, when faced with a portable breath test result of .08 percent or more would be justified in believing the driver was impaired so as to support a finding of probable cause. See § 577.037.2 ("If a chemical analysis of the defendant's breath, blood, saliva, or urine demonstrates there was eight-hundredths of one percent or more by weight of alcohol in the person's blood, this shall be prima facie evidence that the person was intoxicated at the time the specimen was taken."); State v. Mattix , 482 S.W.3d 870, 875 (Mo. App. E.D. 2016). In contrast, the result of the test might be "positive" for alcohol but show a blood alcohol content of less than .08 percent. Under such circumstances, an inference of intoxication might not be justified. Since the trial court noted the "positive" result but nevertheless found there was no probable cause, it is clear the trial court either referred to a *419 "positive" result in this latter sense or completely excluded it from consideration. Consequently, its ruling on the admissibility of the result of the portable breath test prevented the State from presenting admissible evidence supporting its burden to prove that Deputy Flora had probable cause to make the arrest.
Here, the State sought to introduce the evidence of the result of a portable breath test in a hearing on a motion to suppress at which the only issue was whether the officer had probable cause to arrest Defendant. That was a permissible use of the evidence under the statute. See § 577.021.3. Thus, the trial court should have admitted the actual, numerical result of the portable breath test, and its failure to do so was an abuse of discretion. The State's second point is granted. As this decision will add additional relevant evidence for the trial court to consider on remand, we need not address the State's first point.
Decision
The trial court's order is reversed, and the case is remanded. On remand the trial court should consider the unstricken testimony that the result of the portable breath test was greater than .08 percent and reevaluate its determination of the existence of probable cause in light of all of the evidence and argument presented at the hearing.
GARY W. LYNCH, J.-CONCURS
DON E. BURRELL, J.-CONCURS

All statutory references are to RSMo (2017).

Defendant makes no argument that Deputy Flora lacked authority under this statute to administer the portable breath test.