

# Missouri Court of Appeals

## Southern District

### In Division

DYLAN ACEVEDO, )
)
Respondent, )
) No. SD37588
vs. )
) FILED: March 16, 2023
DIRECTOR OF REVENUE, )
)
Appellant. )

### APPEAL FROM THE CIRCUIT COURT OF CARTER COUNTY

#### Honorable Steven F. Lynxwiler, Judge

**REVERSED AND REMANDED**

The Director of Revenue ("the Director") appeals the circuit court's judgment granting Dylan Acevedo's petition for trial *de novo* to set aside the Director's order suspending Acevedo's driving privileges.[1] Finding merit in the Director's sole point on appeal, which challenges the court's exclusion of evidence at trial, we reverse the judgment and remand for further proceedings.[2]

---

[1] The Director may suspend or revoke a driver's license "upon a determination that the driver was arrested upon probable cause for driving while intoxicated." ***Ridgway v. Dir. of Revenue***, 573 S.W.3d 129, 133 (Mo.App. 2019). "The driver may then seek review of the suspension or revocation through a trial *de novo*." ***Id.*** It is the Director's burden to prove, by a preponderance of the evidence, "there was probable cause to arrest the driver for driving while intoxicated and that the driver's blood alcohol concentration was .08 percent or more." ***Id.***

[2] Acevedo did not submit a brief in this appeal. "There is no penalty for a respondent failing to file a brief, however, this Court is forced to adjudicate the Director's claim of error without the benefit of whatever argument [Acevedo] might have raised." ***Colhouer v. Dir. of Revenue***, 283 S.W.3d 284, 286 n.3 (Mo.App. 2009).

In answering Acevedo's petition, the Director affirmatively alleged that the suspension of Acevedo's driving privileges was proper because Acevedo was arrested upon probable cause for operating a motor vehicle with a blood alcohol concentration in excess of statutory limits. At trial, the Director attempted to admit certified records into evidence ("Exhibit A"), which included, among others, a record purporting to show the numerical results of a pre-arrest portable breathalyzer test ("PBT") administered to Acevedo by Missouri Highway Patrol Trooper Zachary Ricker.

Acevedo objected to the admission of Exhibit A on the basis that "no foundation [has] been laid for [the PBT]" because "[t]here's no evidence it's been calibrated, maintained, or used in the manner that the manufacturer suggested." The Director disputed that any such evidence was required, stating, "[f]or the [PBT] there is no foundational requirement for its admission into evidence because it is not an evidentiary test, it is just a tool used to go towards probable cause." Acevedo offered the following response: "Well, my objection is they put a printout on what they say the PBT showed, which is to be used only to show the presence of alcohol, and my objection is to . . . the figure that they've put in the Exhibit A, Judge. There's no foundation for that." After further discussion, Acevedo stated, "[s]o if they want to say that there was the mere presence of alcohol, you know, I probably can't dispute that, but my dispute is with the reading of that."

Ultimately, the circuit court concluded, "if there is a printout that is attached, based on that, I think I have to sustain [Acevedo]'s objection based on the lack of foundation on -- on any of that device's information other than the mere presence of alcohol." The court ruled, "[s]o at this time I'm going to deny the acceptance of [the Director]'s Exhibit A." The Director then

2

informed the court that there was no further evidence.[3]  In response, the court announced, "[t]hen based on the evidence received here today, the [c]ourt finds the petition for trial de novo is in fact proved and all the allegations proved today."

On appeal, the Director contends:

> The trial court abused its discretion in excluding [the Director]'s Exhibit A due to lack of foundation for the portable breath test results because the court misapplied the law in that portable breath tests are statutorily exempted from compliance with Department of Health and Senior Services regulations for determining the reliability of evidentiary blood alcohol tests so that no foundation is required to admit portable breath test results for the purpose of establishing probable cause to arrest a driver on suspicion of driving while intoxicated.

We agree.

A circuit court's judgment in a driver's license suspension and revocation case, as in any other court-tried civil case, "will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law." ***White v. Director of Revenue***, 321 S.W.3d 298, 307-08 (Mo. banc 2010).  "As to the admission of evidence, the circuit court's decision is reviewed for abuse of discretion." ***Vanderpool v. Director of Revenue***, 226 S.W.3d 108, 109 (Mo. banc 2007).  "Where the [circuit] court misapplies the law resulting in the exclusion of evidence, appellate courts will find an abuse of discretion." ***State v. Roux***, 554 S.W.3d 416, 418 (Mo.App. 2017).

The use of the PBT is "strictly limited by statute." ***State v. Robertson***, 328 S.W.3d 745, 751 (Mo.App. 2010).  The applicable statute, section 577.021,[4] provides, "[a]ny state, county or municipal law enforcement officer who is certified pursuant to chapter 590 may, prior to arrest, administer a chemical test to any person suspected of operating a vehicle . . . while in an

---

[3] The Director did not attempt to redact or remove the PBT result from Exhibit A and then seek the admission of the remaining, not-objected-to portions of the exhibit.

[4] All statutory references are to RSMo 2016.

3

intoxicated condition or with an excessive blood alcohol content." Section 577.021.1. As relevant here, "[a] test administered pursuant to this section *shall be admissible as evidence of probable cause to arrest* and as exculpatory evidence, but shall not be admissible as evidence of blood alcohol content." Section 577.021.3 (emphasis added).

Here, Acevedo lodged a foundational objection against the admission of Exhibit A on the basis that "[t]here's no evidence [the PBT has] been calibrated, maintained, or used in the manner that the manufacturer suggested." Additionally, Acevedo took issue with the numerical "figure" displayed on the PBT's printout, arguing that any result is admissible only to the extent it shows "the mere presence of alcohol," i.e., is positive or negative for alcohol.

Section 577.021, however, affirmatively states that such calibration requirements, found in section 577.020,[5] "shall not apply to a test administered prior to arrest pursuant to this section." Section 577.021.3; *see also* **Robertson**, 328 S.W.3d at 751 (holding "proof of calibration of the portable breathalyzer machine was not required for admissibility of the results of the [PBT] under section 577.021"). Moreover, "standing alone, the evidence of a 'positive' result is ambiguous." **Roux**, 554 S.W.3d at 418. "That is because the actual numerical value of the test is what makes the result of the [PBT] relevant to the issue of probable cause." **Id.** As such, the failure to admit such a result for this purpose has been held to be an abuse of discretion. *See* **id.** at 419.

Accordingly, a foundation showing that the PBT was "calibrated, maintained, or used in the manner that the manufacturer suggested" was not required to admit the PBT numerical result into evidence as proof of probable cause to arrest. Therefore, the circuit court erroneously

_____

[5] Under section 577.020.3, a chemical analysis of a person's breath, blood, saliva, or urine, to be considered valid, "shall be performed according to methods approved by the state department of health and senior services by licensed medical personnel or by a person possessing a valid permit issued by the state department of health and senior services for this purpose."

applied the law and abused its discretion in excluding Exhibit A on the basis of Acevedo's objection. The Director's sole point is granted.

The circuit court's judgment is reversed and the cause is remanded for further proceedings consistent with this opinion. We "direct the trial court to admit Exhibit A at a trial *de novo* and proceed with the admission of live testimony or other appropriate evidence, if so requested by the parties." ***Erskine v. Director of Revenue***, 428 S.W.3d 789, 792-93 (Mo.App. 2014).

BECKY J. W. BORTHWICK, J. – OPINION AUTHOR

JEFFREY W. BATES, J. – CONCURS

MARY W. SHEFFIELD, J. – CONCURS