

# SUPREME COURT OF MISSOURI
## en banc

DAVID PRIOR WILMOTH,      )

    )

            Appellant,      )

    )

v.      )      No. SC99655

    )

DIRECTOR OF REVENUE,      )

    )

            Respondent.      )

*Opinion issued June 13, 2023*

### APPEAL FROM THE CIRCUIT COURT OF CLINTON COUNTY
The Honorable Teresa L. Bingham, Judge

David Wilmoth appeals a judgment affirming the director of revenue's suspension of his driver's license, pursuant to section 302.505,[1] because the circuit court found Mr. Wilmoth was arrested upon probable cause to believe he committed an alcohol-related traffic offense and he was driving with a blood alcohol content of eight-hundredths of one percent or more. Mr. Wilmoth claims the circuit court erred in admitting testimony that a preliminary breath test administered prior to arrest showed his breath alcohol content was greater than 0.08 percent in violation of section 577.021.3.[2] He claims the circuit court further erred because its finding he was arrested upon probable cause for an alcohol-related

---

[1] All citations to section 302.505 are to RSMo 2016.

[2] All citations to section 577.021 are to RSMo Supp. 2017.

offense was not supported by substantial evidence and was against the weight of the evidence.

The Court finds the result of a preliminary breath test is a numerical percentage by weight of alcohol in the blood of the person tested, which section 577.021.3 provides is admissible as evidence of probable cause to arrest. The numerical result was one of the facts and circumstances known to the arresting officer at the time of arrest, so the circuit court is to consider the numerical result in determining whether the officer had probable cause to arrest Mr. Wilmoth. Accordingly, the circuit court did not err in permitting the arresting officer to testify the result of the preliminary breath test administered to Mr. Wilmoth was a blood alcohol content greater than 0.08 percent. The Court also finds the circuit court's judgment is supported by substantial evidence and is not against the weight of the evidence. The circuit court's judgment is, therefore, affirmed.

## Factual and Procedural Background

In November 2019, Deputy Cole Mazer of the Clinton County sheriff's office responded to a report of a domestic assault at the Wilmoth residence, allegedly involving a firearm. On his way to the residence, Deputy Mazer was informed Mr. Wilmoth had left the residence in a utility terrain vehicle ("UTV"). Deputy Mazer was given a description of Mr. Wilmoth and the UTV he was driving. He later observed the UTV on a public gravel road and caught up to him "in a cloud of dust" the UTV "kicked up from the gravel roadway." When Deputy Mazer observed Mr. Wilmoth make a left turn without signaling, he initiated a traffic stop.

During the traffic stop, Deputy Mazer detected a moderate odor of alcohol on Mr. Wilmoth's breath and observed his eyes were bloodshot and watery. Mr. Wilmoth admitted to consuming a couple of beers with dinner "around" three and a half hours earlier. The deputy's observations prompted him to request that Mr. Wilmoth take a preliminary breath test. Mr. Wilmoth complied, and the test result was 0.11 percent. Mr. Wilmoth refused to perform other field sobriety tests.

Deputy Mazer then arrested Mr. Wilmoth for driving while intoxicated and transported him to the county jail. After observing Mr. Wilmoth for a 15-minute period, Deputy Mazer administered two breath tests. The result of the first test was a blood alcohol content of 0.082 percent, and the second, administered approximately five minutes later, was 0.086 percent.

Pursuant to section 302.505, the director of revenue notified Mr. Wilmoth his driving privilege would be suspended for being arrested upon probable cause to believe he was operating a motor vehicle with a blood alcohol content in excess of 0.08 percent. After the administrative hearing Mr. Wilmoth requested, the administrative hearing officer sustained the director's suspension of Mr. Wilmoth's driver's license. Mr. Wilmoth then requested a trial *de novo* in the circuit court.

During a bench trial, the circuit court allowed Deputy Mazer to testify, over Mr. Wilmoth's objection, that the preliminary breath test showed Mr. Wilmoth's blood alcohol content was greater than 0.08 percent. The colloquy regarding Deputy Mazer's testimony as to the preliminary breath test was:

> MR. BAKER [counsel for the department of revenue]: Do you recall the result of the preliminary breath test?

MR. SHIPLEY [counsel for Mr. Wilmoth]: Your Honor, I'm going to object if he's intending to testify to any specific numerical result. Under section 577.021, a preliminary breath test may be admissible if it's positive as to probable cause but not admissible as to the evidence of blood alcohol content.

MR. BAKER: Well, that's exactly why I'm asking, Your Honor, to establish probable cause. This is prearrest and I'm not trying to elicit the result necessarily for the evidential breath test post-arrest. This is to establish that the officer did have probable cause to arrest, and I believe the case of State v. Roux, R-o-u-x,[3] states in part that the result, the actual result of the preliminary breath test, is relevant in establishing probable cause.

THE COURT: Relevant in that if it was under a certain number then he wouldn't have probable cause.

MR. BAKER: Essentially, yes.

MR. SHIPLEY: Your Honor, I'm objecting on the – the statute specifically says that the evidence of blood alcohol content is not admissible. And beyond that, I think he could just testify if he says it was positive because I think that, you know, positive or negative, that the statute allows for that but just to the alcohol content it doesn't. And moreover, as to this particular case and I think it distinguishes it from the Roux case is you're basically talking about a scientific test for which there is no foundation or evidence to how the test works, how it's qualified, that it's a legitimate test. So I object on that basis as well.

THE COURT: . . . [T]he court is going to sustain his objection as to the actual number being used. You can ask questions with regards to the remainder of that.

MR. BAKER: Thank you.

MR. BAKER: Was the result positive or negative for the purpose [sic] of alcohol when Mr. Wilmoth submitted to a preliminary breath test?

DEPUTY MAZER: Positive.

MR. BAKER: Was it above or below .08?

---

[3] *State v. Roux*, 554 S.W.3d 416 (Mo. App. 2017).

MR. SHIPLEY: Object, Your Honor, as to – that's getting to the exact number of the test, which I think it the same thing you sustained the objection as to.

MR. BAKER: Your Honor, State v. Roux applies directly to this. The Southern District stated that a result above .08 is – is essential – not essential – is evidence of probable cause. A result below .08 would not necessarily lead to probable cause.

MR. SHIPLEY: Your Honor, also, that case did not deal, again, with the foundation objection I've made that whether it could ultimately be relevant or not there's no foundation for the reliability of that test or that it's scientifically accurate.

MR. BAKER: There's numerous case law [sic] that says foundation for a preliminary breath test is not required in a license suspension case.

MR. SHIPLEY: Well, Your Honor, I think foundation, again, is to – whether it's positive or negative, I think that's true and that's what the statute says, but I'm talking about the foundation as to a specific number, the reliability of the test to give a value.

THE COURT: The Court is going to overrule the objection. Go ahead, Mr. Baker.

MR. BAKER: Thank you, Judge.

MR. BAKER: Was it above or below .08?

DEPUTY MAZER: It was above.

The circuit court also admitted into evidence the alcohol influence report prepared by Deputy Mazer that included information regarding his administration of the preliminary breath test to Mr. Wilmoth. That report listed the numerical result of the preliminary breath test as 0.11 percent. In response to Mr. Wilmoth's objection to the numerical result in the exhibit, the circuit court admitted the report but stated it would "disregard the actual numeric number of [the preliminary breath test] and take instead the officer's testimony that it was above .08 [percent]." In its written findings of fact and conclusions of law, the circuit court

found the director's evidence credible; there was probable cause to arrest Mr. Wilmoth for an alcohol-related offense; and Mr. Wilmoth was driving with a blood alcohol content of 0.08 percent or more. Consequently, the circuit court sustained the suspension of Mr. Wilmoth's license. Mr. Wilmoth appealed, and this Court granted transfer after an opinion by the court of appeals. Mo. Const. art. V, sec. 10.

## Standard of Review

In an appeal from a judgment in a court-tried case, the circuit court's judgment will be affirmed unless there is no substantial evidence to support it, it is against the weight of the evidence, or it erroneously declares or applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 32 (Mo. banc 1976). With respect to the admission of evidence, review is for an abuse of discretion. *Vanderpool v. Dir. of Revenue*, 226 S.W.3d 108, 109 (Mo. banc 2007). A circuit court abuses its "discretion when its ruling is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *Lozano v. BNSF Ry. Co.*, 421 S.W.3d 448, 451 (Mo. banc 2014) (internal quotation omitted). Finally, questions of statutory interpretation are issues of law this Court reviews *de novo*. *Stiers v. Dir. of Revenue*, 477 S.W.3d 611, 614 (Mo. banc 2016).

## No Error in Admitting Preliminary Breath Test Result

Mr. Wilmoth claims the circuit court erred in allowing Deputy Mazer to testify the result of the preliminary breath test was greater than 0.08 percent because he contends section 577.021 provides the result of a preliminary breath test is inadmissible as evidence

6

of blood alcohol content and the deputy's testimony about the preliminary breath test lacked an adequate foundation.

Mr. Wilmoth challenges the suspension of his driver's license pursuant to section 302.505. The statute requires the department of revenue to suspend or revoke the driver's license of a person 21 years of age or older "upon its determination that the person was arrested upon probable cause to believe such person was driving a motor vehicle while the alcohol concentration in the person's blood, breath, or urine was eight-hundredths of one percent or more by weight . . . ." Section 302.505.1. At a trial *de novo*, the director must present "evidence that: (1) the driver was arrested upon probable cause for violating an alcohol-related offense; and (2) the driver's blood alcohol concentration exceeded the legal limit . . . ." *Verdoorn v. Dir. of Revenue*, 119 S.W.3d 543, 545 (Mo. banc 2003), *overruled in part on other grounds by White v. Dir. of Revenue*, 321 S.W.3d 298, 307 (Mo. banc 2010). The director bears the burdens of proof and persuasion. *White*, 321 S.W.3d at 305.

As evidence regarding whether Mr. Wilmoth was arrested upon probable cause for violating an alcohol-related offense, the director elicited Deputy Mazer's testimony that he administered a preliminary breath test and that test showed a blood alcohol concentration greater than 0.08 percent. The pre-arrest administration of a preliminary breath test is authorized by section 577.021.1, which provides certain law enforcement officers "may, prior to arrest, administer a chemical test to any person suspected of operating a vehicle . . . while in an intoxicated condition or with an excessive blood alcohol content." Subsection 3 of section 577.021 permits the admission of the results of a preliminary breath

7

test administered under section 577.021 as evidence of probable cause to arrest and as exculpatory evidence but precludes its admission as evidence of blood alcohol content.

In his argument, Mr. Wilmoth concedes the result of the preliminary breath test was admissible for the purpose of establishing whether he was arrested upon probable cause for violating an alcohol-related offense, but he argues Deputy Mazer's testimony should have been limited to stating whether the preliminary breath test was positive for the presence of alcohol. He argues the holdings of the court of appeals in *State v. Eisenhour*, 410 S.W.3d 771, 776 (Mo. App. 2013), and *State v. Duncan*, 27 S.W.3d 486 (Mo. App. 2000), support his claim that permitting the deputy to testify as to the numerical result of the test or that the result was greater than 0.08 percent would be to use the preliminary breath test as evidence of blood alcohol content, in violation of section 577.021.3's prohibition against its use for that purpose. *See Eisenhour*, 410 S.W.3d at 778 (holding the "numerical value" of a positive preliminary breath test is inadmissible as exculpatory evidence because section 577.021.3 provides the test "shall not be admissible as evidence of blood alcohol content"); *Duncan*, 27 S.W.3d at 488 n.1 (holding testimony about a preliminary breath test is inadmissible "in its entirety" as evidence to prove a defendant's blood alcohol level exceeded the legal limit). The holding in *Duncan* can easily be distinguished from the facts of this case because the court of appeals ruled evidence of the result of the preliminary blood test was not admissible in a criminal trial as evidence of the defendant's intoxication. *Duncan*, 27 S.W.3d at 488 n.1. The court of appeals held in *Eisenhour* that the numerical result of a preliminary breath test is not admissible as evidence of blood content in a criminal trial, even when offered as exculpatory evidence. *Eisenhour*, 410 S.W.3d at 778.

Although the *Eisenhour* and *Duncan* decisions do not support Mr. Wilmoth's claim of error, the Court notes the court of appeals' decisions regarding the admission in evidence of the results of a preliminary breath test are inconsistent. The court of appeals has limited admission of the result of a preliminary breath test to evidence of whether a breath test is positive or negative for the presence of alcohol. *See, e.g.*, *State v. Long*, 599 S.W.3d 908, 919 (Mo. App. 2020) ("Defendant also was correctly informed that the [preliminary breath test] is used only to determine whether a breath test is positive or negative for alcohol."). In contrast, in *Roux*, the court of appeals held it was an abuse of discretion not to admit the "actual, numerical result" of a preliminary breath test for the purpose of establishing probable cause because "the actual numerical value of the test is what makes the result of the portable breath test relevant to the issue of probable cause." *Roux*, 554 S.W.3d at 418-19. It is a matter of first impression for this Court as to whether the numerical result of a preliminary breath test is admissible for the purpose of establishing probable cause, which must be proven for the director of revenue to suspend or revoke a driver's license pursuant to section 302.515.

Determining the meaning of section 577.021 begins with examining the language of the statute. "When interpreting statutes, this Court must ascertain the intent of the legislature by considering the plain and ordinary meaning of the terms and give effect to that intent if possible." *Cosby v. Treasurer of Mo.*, 579 S.W.3d 202, 206 (Mo. banc 2019) (alteration omitted). As previously noted, section 577.021.1 authorizes certain law enforcement officers to administer a chemical test prior to arrest when the officer suspects the person of operating a vehicle "while in an intoxicated condition or with excessive blood alcohol

9

content." Section 577.021.1. Pursuant to this section, law enforcement officers administer preliminary breath tests to "detect the presence of alcohol on a person's breath" and determine whether there exists probable cause to arrest. *State v. Stottlemyre*, 35 S.W.3d 854, 858 (Mo. App. 2001). Subsection 2 of section 577.021 requires the same law enforcement officers to "make all reasonable efforts to administer a chemical test to any person suspected of operating a vehicle or vessel involved in a collision or accident which resulted in a fatality or serious physical injury . . . ." Subsection 3 of section 577.021 provides a preliminary breath test administered pursuant to subsection 1 of the statute is admissible for the purpose of establishing "probable cause to arrest and as exculpatory evidence" but inadmissible "as evidence of blood alcohol content." Section 577.021.3 provides:

> A test administered pursuant to this section *shall be admissible as evidence of probable cause to arrest and as exculpatory evidence, but shall not be admissible as evidence of blood alcohol content*. The provisions of sections 577.019 and 577.020 shall not apply to a test administered prior to arrest pursuant to this section.

(Emphasis added).

Section 577.021.3 plainly states "[a] test administered pursuant to this section shall be admissible as evidence of probable cause to arrest[.]" Section 577.021.3. "Probable cause to arrest exists when *the arresting officer's knowledge of the particular facts and circumstances* is sufficient to warrant a prudent person's belief that a suspect has committed an offense." *White*, 321 S.W.3d at 312 (emphasis added). Whether probable cause to arrest exists includes consideration of the conclusions "an objectively reasonable police officer" would draw from the facts and circumstances known to the officer. *Ornelas v. United States*, 517 U.S. 690, 696 (1996). As such, probable cause is an objective test. *Id.* To make an

10

accurate determination of whether an officer had probable cause, courts must consider all the facts and circumstances known to the officer at the time of arrest. *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004).

When an officer administers a preliminary breath test under section 577.021.1, the test produces a numerical quantification of the alcohol content of a person's blood, in this case 0.11 percent. Accordingly, when making a probable cause determination, an officer knows the numerical result of the preliminary breath test. The higher the numerical result is, the more reasonable the officer's belief that the suspect has committed an alcohol-related offense. "A reasonable officer, when faced with a [preliminary] breath test result of [0].08 percent or more would be justified in believing the driver was impaired so as to support a finding of probable cause." *See Roux*, 554 S.W.3d at 418. Because courts assessing whether an officer has probable cause to arrest for an alcohol-related offense must consider the information known to the officer at the time of arrest and, in this case, Deputy Mazer knew the preliminary breath test showed a blood alcohol content of 0.11 percent, that result is admissible evidence of whether the deputy had probable cause to arrest Mr. Wilmoth.

The fact a preliminary breath test cannot be admitted as evidence to prove a defendant's blood alcohol content did not require the circuit court to exclude Deputy Mazer's testimony. In providing a preliminary breath test is admissible for some purposes but not another, section 577.021.3 permits limited admissibility of a preliminary breath test. It is common that evidence may be admitted for one purpose and not others, and courts have consistently held that, in such circumstances, the evidence should be admitted for its proper purpose. *Grimm v. Gargis*, 303 S.W.2d 43, 51 (Mo. 1957); *Louis Steinbaum Real Estate*

11

*Co. v. Maltz*, 247 S.W.2d 652, 656 (Mo. 1952); *Scott v. Mo. Ins. Co.*, 233 S.W.2d 660, 665 (Mo. banc 1950); *Heckadon v. Universal Underwriters Ins. Co.*, 586 S.W.3d 789, 811 (Mo. App. 2019); *Danbury v. Jackson Cnty.*, 990 S.W.2d 160, 165 (Mo. App. 1999). In this case, the test results were offered to prove Deputy Mazer had probable cause to arrest, not Mr. Wilmoth's blood alcohol content. While the director must prove both that the officer had probable cause to arrest and that the driver's blood alcohol content was 0.08 percent or more, the latter must be proved by evidence other than the results of the preliminary breath test, as it was here. Put another way, the information known to Deputy Mazer was not that Mr. Wilmoth's blood alcohol content actually was 0.11 percent. It was merely that the preliminary breath test returned a result of 0.11 percent, subject to all the potential unreliability of that test.

When evidence of limited admissibility is admitted in a court-tried case, it is presumed the circuit court will consider it only for proper purposes "unless it is clear from the record that the judge considered and relied upon such evidence" for an improper purpose. *State v. Burks*, 373 S.W.3d 1, 8 (Mo. App. 2012). Indeed, "[t]rial judges are perfectly capable of receiving some evidence for one purpose and not another." *J.A.R. v. V.A.R.*, 968 S.W.2d 748, 751 (Mo. App. 1998). Therefore, circuit courts may admit the numerical results of a preliminary breath test, including testimony that the preliminary breath test was greater than 0.08 percent, for the purpose of establishing probable cause to arrest pursuant to section 577.021.3.

Mr. Wilmoth also claims that the circuit court should have excluded Deputy Mazer's testimony that the preliminary breath test was greater than 0.08 percent because there was

12

an inadequate foundation for admission of the testimony. At trial, the director did not present testimony to establish a foundation for the preliminary breath test's reliability as to a specific result, or a result above a certain level, and, on cross-examination of Deputy Mazer, Mr. Wilmoth elicited testimony the deputy did not know how the test worked and could not vouch for any specific results. Mr. Wilmoth claims section 490.065.1(1), RSMo Supp. 2017, requires that a person attempting to testify regarding scientific or technical knowledge be qualified by knowledge, skill, experience, training, or education prior to testifying, so testimony regarding the preliminary breath test should have been excluded due to lack of foundation.

Section 577.021.1 requires only that the law enforcement officer be certified "pursuant to chapter 590" and it expressly provides the requirements in sections 577.019 and 577.020 "shall not apply to a test administered prior to arrest pursuant to [section 577.021]." Section 577.019 merely provides sections 577.019 to 577.021 "shall be known as the Alan Woods Law," but section 577.020 is more significant. Section 577.020 governs breath analysis tests that are administered after a suspect has been arrested pursuant to implied consent and used to prove a person was intoxicated. Section 577.020.4 directs the department of health and senior services to establish methods and standards "to be used in the chemical test pursuant to the provisions of sections 577.019 to 577.041." By exempting preliminary breath tests from the provisions of section 577.020, section 577.021.3 exempts preliminary breath tests from "the Department of Health regulations that govern breath analysis tests admissible to prove that a defendant was intoxicated" and reflects a legislative determination a preliminary breath test lacks the guarantees of reliability of other chemical

13

tests subject to the provisions of section 577.020. *State v. Morgenroth*, 227 S.W.3d 517, 522 (Mo. App. 2007) (internal quotations omitted). But section 577.021.3 expressly permits preliminary breath test results to be used as evidence of probable cause even though they are not subject to the provisions of sections 577.019 and 577.020. The lack of evidence regarding the foundational requirements for tests used to prove blood alcohol content is not a basis for excluding the results of the preliminary breath test used as evidence of probable cause.

At trial, the director elicited Deputy Mazer's testimony about the preliminary breath test and it was admitted expressly for the purpose of establishing probable cause. When Mr. Wilmoth objected to the director's attempt to elicit that testimony, counsel for the director stated: "This is prearrest and I'm not trying to elicit the result necessarily for the evidential breath test post-arrest. *This is to establish that the officer did have probable cause to arrest*[.]" (Emphasis added). Because section 577.021.3 provides a preliminary breath test is admissible as evidence of probable cause and the existence of probable cause depends upon the information known to the arresting officer at the time of arrest, the circuit court did not err in allowing Deputy Mazer to testify the preliminary breath test result was greater than 0.08 for the purpose of establishing probable cause.

**Probable Cause Supported by Substantial Evidence**

Mr. Wilmoth next claims the circuit court's finding that he was arrested upon probable cause for violating an alcohol-related offense is not supported by sufficient evidence. He claims the evidence supports a finding there was probable cause to believe he

14

consumed alcohol, but the evidence does not support finding probable cause to believe he was actually intoxicated.

"Substantial evidence is evidence that, if believed, has some probative force on each fact that is necessary to sustain the circuit court's judgment." *Ivie v. Smith*, 439 S.W.3d 189, 199 (Mo. banc 2014). "When reviewing whether a circuit court's judgment is supported by substantial evidence, appellate courts view the evidence in the light most favorable to the circuit court's judgment and defer to the circuit court's credibility determinations." *Id.* at 200. The Court disregards all contrary evidence and accepts as true the evidence and inferences favorable to the circuit court's judgment. *Id.* "To prevail on the substantial-evidence challenge, [Mr. Wilmoth] must demonstrate that there is no evidence in the record tending to prove a fact that is necessary to sustain the circuit court's judgment as a matter of law." *Id.*

The director is authorized to suspend a driver's license when the arresting officer had probable cause to believe the person was driving a vehicle with a blood alcohol content of 0.08 percent or more. Section 302.505.1. When determining whether an officer had such probable cause, the Court applies the following analysis:

> The probable cause required for the suspension or revocation of a driver's license is the level of probable cause necessary to arrest a driver for an alcohol-related violation. That level of probable cause will exist when a police officer observes unusual or illegal operation of a motor vehicle and observes indicia of intoxication upon coming into contact with the motorist. Probable cause, for the purposes of section 302.505, will exist when the surrounding facts and circumstances demonstrate to the senses of a reasonably prudent person that a particular offense has been or is being committed. The level of proof necessary to show probable cause under section 302.505 is substantially less than that required to establish guilt beyond a reasonable doubt. There is a vast gulf between the quantum of information necessary to establish probable cause and the quantum of evidence required to prove guilt beyond a reasonable

15

doubt. The trial court must assess the facts by viewing the situation as it would have appeared to a prudent, cautious, and trained police officer.

*White*, 321 S.W.3d at 309 (internal quotations omitted). Furthermore, when reviewing a circuit court's probable cause determination in a license suspension or revocation case, this Court defers to the circuit court's credibility determinations but reviews *de novo* the circuit court's application of the law to the facts. *Id.* at 310.

In its judgment, the circuit court expressly found the director's evidence was credible. That evidence included Deputy Mazer's testimony he observed Mr. Wilmoth make a left-hand turn without signaling, Mr. Wilmoth had bloodshot and watery eyes, and he detected the odor of an "intoxicating beverage" on Mr. Wilmoth's breath. He also testified Mr. Wilmoth admitted he had been drinking earlier that night and the result of the preliminary breath test was 0.11 percent.[4]

Mr. Wilmoth's argument there is insufficient evidence does not properly consider the evidence of the preliminary breath test result, as he concludes it could only be considered insofar as it was positive for the presence of alcohol. In his view, the circuit court could not have considered that the preliminary breath test was greater than 0.08 percent, much less that it was 0.11 percent. As this Court explained in discussing Mr. Wilmoth's first point, however, section 577.021.3 makes a preliminary breath test admissible to establish probable cause, and probable cause is determined from the information known the officer at the time of arrest. Accordingly, the preliminary breath test result of 0.11 must be considered along

---

[4] The Court stresses the information known to Deputy Mazer was not that Mr. Wilmoth's blood alcohol content was 0.11 percent but rather that the preliminary breath test returned a result of 0.11 percent.

with evidence Mr. Wilmoth made a left-hand turn without signaling, Mr. Wilmoth had bloodshot and watery eyes, the odor of an "intoxicating beverage" was detected on Mr. Wilmoth's breath, and Mr. Wilmoth admitted that he had been drinking earlier that night when determining whether the officer had probable cause. Considered cumulatively, the information Deputy Mazer possessed would have justified "a prudent, cautious, and trained police officer" in believing Mr. Wilmoth had been driving while intoxicated. *See id.* at 309. Therefore, the circuit court's finding of probable cause is supported by substantial evidence.[5]

### Probable Cause Not Against Weight of Evidence

In his final point, Mr. Wilmoth argues the circuit court's finding of probable cause was against the weight of the evidence. "Appellate courts act with caution in exercising the power to set aside a decree or judgment on the ground that it is against the weight of the evidence." *Ivie*, 439 S.W.3d at 205. "The against-the-weight-of-the-evidence standard serves only as a check on a circuit court's potential abuse of power in weighing the evidence, and an appellate court will reverse only in rare cases, when it has a firm belief that the decree or judgment is wrong." *Id.* at 206. A "judgment is against the weight of the evidence only

---

[5] In its opinion issued prior to transfer, the court of appeals relied in part on Mr. Wilmoth's refusal to submit to any field sobriety testing after Deputy Mazer administered the preliminary breath test. On appeal in this Court, Mr. Wilmoth challenges whether that refusal can be considered as evidence of probable cause to arrest for driving while intoxicated. It is unnecessary to resolve whether his refusal can be considered because the circuit court's judgment is supported by substantial evidence without it.

Likewise, he challenges any consideration of the fact Deputy Mazer was dispatched in response to a report of a domestic disturbance, which the deputy testified, in his experience, heightened the probability the suspect had consumed intoxicating substances. As with his refusal to submit to field sobriety testing, the Court does not address whether the deputy responding to a report of domestic violence can be considered for purposes of probable cause. The circuit court's finding of probable cause is supported by substantial evidence without it.

17

if the circuit court could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment." *Laut v. City of Arnold*, 491 S.W.3d 191, 197 (Mo. banc 2016) (internal quotation omitted).

"The level of proof necessary to show probable cause under section 302.505 is substantially less than that required to establish guilt beyond a reasonable doubt." *White*, 321 S.W.3d at 309 (internal quotation omitted). And the necessary "level of probable cause will exist when a police officer observes unusual or illegal operation of a motor vehicle and observes indicia of intoxication on coming into contact with the motorist." *Id.* (internal quotation omitted).

As discussed in the previous point, the circuit court's probable cause finding is supported by substantial evidence. The circuit court expressly found the director's evidence credible, and that evidence included Deputy Mazer's testimony that he observed Mr. Wilmoth make a left-hand turn without signaling, the deputy's testimony that Mr. Wilmoth had bloodshot and watery eyes, the deputy's testimony that he detected the odor of an "intoxicating beverage" on Mr. Wilmoth's breath, Mr. Wilmoth's admission that he had been drinking earlier that night, and a preliminary breath test result of 0.11 percent.

Mr. Wilmoth claims other evidence contradicts the conclusion that the deputy had probable cause to arrest for an alcohol-related offense. During Mr. Wilmoth's cross-examination, the deputy conceded the smell of alcohol does not necessarily show impairment and he was unable to quantify the number of drinks Mr. Wilmoth had based on the smell alone; the deputy agreed bloodshot and watery eyes could have been from driving

18

a UTV down a gravel road; bloodshot eyes do not necessarily result from impairment; and the deputy observed no "physical signs" of impairment.

Further, Mr. Wilmoth relies on the deputy's testimony that he saw no signs of impairment in Mr. Wilmoth's driving as he pulled over immediately. The deputy did not observe "glassy" eyes, staring eyes, constricted pupils, slow reaction to light, dilated pupils, uncertain balance, swaying staggering, stumbling, falling, any other factors indicating problems with balance or walking, slurred speech, confused speech, incoherent speech, stuttering, mumbling, any other problems with speech, profanity, hiccups, belching, vomiting, fighting, or any other unusual actions that might indicate impairment, and Deputy Mazer did not notice anything about Mr. Wilmoth's clothes or footwear that indicated impairment. While such facts can be relevant in assessing whether a person is intoxicated, the absence of those facts does not equate to a person not being intoxicated.

Given the substantially lesser level of proof needed to show probable cause than to establish guilt beyond a reasonable doubt, *White*, 321 S.W.3d at 309, the Court is not persuaded the circuit court's judgment is against the weight of the evidence. To restate the standard of review, a "judgment is against the weight of the evidence only if the circuit court could not have reasonably found, from the record at trial, the existence of a fact that is necessary to sustain the judgment." *Laut*, 491 S.W.3d at 197 (internal quotation omitted). Notwithstanding Deputy Mazer's testimony that he did not observe many possible indicia of intoxication, the circuit court could have reasonably found from the record at trial – including the fact he made a turn without signaling, that Deputy Mazer detected the odor of alcohol on his breath, his admission that he consumed alcohol earlier that night, and that the

19

result of the preliminary breath test was a blood alcohol content of 0.11 percent – that there was probable cause to arrest Mr. Wilmoth for driving while intoxicated. The circuit court's judgment is not against the weight of the evidence, and Mr. Wilmoth's third point is denied.

## Conclusion

The circuit court did not err in allowing the arresting deputy to testify the result of the preliminary breath test administered prior to Mr. Wilmoth's arrest was a blood alcohol content greater than 0.08 percent. The testimony was elicited solely for the purpose of establishing probable cause, pursuant to section 577.021.3, and whether probable cause exists depends on the information known to the officer at the time of arrest, which includes the numerical result of the preliminary breath test. Further, the circuit court's judgment affirming the director's decision to suspend Mr. Wilmoth's license pursuant to section 302.505 is supported by substantial evidence and is not against the weight of the evidence. Therefore, the circuit court's judgment is affirmed.

_____
PATRICIA BRECKENRIDGE, JUDGE

Wilson, C.J., Russell, Powell, Ransom
and Draper, JJ., and Growcock, Sp.J., concur.
Fischer, J., not participating.